UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

HONORABLE BARBARA L. MAJOR

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>SHAMIA HARDGRAVES,<br>PAIGE GADSON,<br><br>    Defendants. | Criminal Case 22-cr-01250-JO<br>Magistrate Case 3:22-mj-01582-BLM<br><br>ORDER<br><br>DATE:  June 7, 2022<br>TIME:   9:30 a.m.<br>JUDGE: Hon. Barbara L. Major<br>COURT: Courtroom 3D (Schwartz) |

FILED

JUN - 7 2022

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

Upon request of Material Witnesses Cirilo Anastacio-Concepcion, Edgar Guia-Ramos, and Carolina Santiago-Martin, (the "Material Witnesses"), and their attorney Ruth B. Philips, and for good cause appearing:

1. The Material Witnesses being held in custody in the above-referenced case shall be deposed ~~on~~ *by* June 28, 2022 beginning at *10* a.m. Their depositions shall be held at the United States Attorney's Office, located at 880 Front Street, Fifth Floor, San Diego, California. An employee of the United States Attorney's Office shall serve as the digital disk recorder/videocamera operator.

2. All parties, including the United States and Defendants, shall attend the deposition. The arresting agency shall bring the Material Witnesses to the deposition. If any Defendant is in custody, she shall be brought separately to the deposition and a United States Marshal shall remain present during the entire proceeding.

3. The United States Attorney's Office shall arrange for a court-certified Spanish interpreter to be present to translate for the Material Witnesses. The cost

of the interpreter for the Material Witnesses shall be borne by the United States Attorney's Office, pursuant to 28 U.S.C. § 1827 (c) (2). The cost of preparing a transcript of the proceeding shall be borne by the United States Attorney's Office.

4. If any Defendant requires an interpreter independent of the interpreter for the Material Witnesses, defense counsel shall arrange for a court-certified interpreter to be present. The Court shall pay the cost of the separate interpreter.

5. The United States Attorney's Office shall arrange for a certified court reporter to be present at the deposition. The court reporter shall stenographically record the testimony, serve as a notary, and preside at the deposition in accordance with rule 28 (a) of the Federal Rules of Civil Procedure.

6. The deposition shall be electronically video-recorded using a digital disk recorder, videocamera, camcorder or other electronic device that records sound as well as visual images. At the conclusion of the deposition, the deponent, or any party, may elect to have the deponent review the recording of the deponent's deposition and to note any errors, omissions or changes. Any errors, omissions or changes, and the reasons for making them, shall be stated in writing and such writing shall be signed by the deponent, delivered to the notary in a sealed envelope and filed in the same fashion as described in Paragraph 17 below, unless the parties agree on the record to a different procedure.

7. The digital disk recorder/videocamera operator shall select and supply all equipment required to record the deposition, and shall determine all matters of staging and technique, such as number and placement of cameras and microphones, lighting, camera angle, and background. The operator shall determine these matters in a manner that accurately reproduces the appearance of the testifying Material Witness and assures clear reproduction of both her or his testimony as well as the statements of counsel. The testifying Material Witness, or any party, may place on the record any objection to the digital disk

2

PROPOSED ORDER FOR DEPOSITION AND RELEASE OF MATERIAL WITNESS    Case 3:22-mj-01582-BLM; USA v. Hardgraves et al.

recorder/videocamera operator's handling of any of these matters. Such objection shall be considered by the Court in ruling on the admissibility of the video recording.

8. The deposition shall be recorded in a fair, impartial, objective manner. The digital disk recording/videocamera equipment shall be focused on the testifying Material Witness; however, the digital disk recorder/videocamera operator may, from time to time, focus upon charts, photographs, exhibits, or like material being shown to the Material Witness during her/his examination.

9. Before examination of each Material Witness, the Assistant United States Attorney shall state on the video/audio record: (a) her/his name; (b) the date, time and place of the deposition; (c) the name of the testifying Material Witness and the caption of the action; and (d) the identity of the parties and the names of all persons present in the room. The court reporter shall then swear the Material Witness on the video record. Further, at the beginning of examination by each counsel, and on the record, each counsel shall identify himself/herself and his/her respective client. If more than one digital video disk ("DVD") is used, the Assistant United States Attorney shall repeat items (a), (b) and (c) at the beginning of each new DVD.[1]

10. The digital disk recorder/videocamera operator shall not stop recording after the deposition commences until it concludes, except, however, that any party may request a cessation for a brief recess, which request shall be honored unless another party objects and states the basis for said objection on the record. Each time the recording is started or stopped,

---

[1] If the deposition is recorded onto a single hard drive, memory stick or other electronic memory storage device and reproduced onto a DVD or DVDs, each DVD shall be appropriately identified in proper sequence at the time of reproduction.

3

the digital disk recorder/videocamera operator shall announce the time on the record. If the deposition requires the use of more than DVD, the end of each DVD and the beginning of the next shall be announced orally on the video record by the digital disk recorder/videocamera operator.[2]

    11.    All objections, both as to form and substance, shall be recorded as if the objection had been overruled, and the Court shall rule on the objections prior to admitting that portion of the deposition. The party raising the objection(s) shall be responsible for preparing a transcript for the Court to consider. If the Court rules on the objection contemporaneously, the Court's ruling shall be recorded. All objections to the evidence presented shall be deemed waived unless made during the deposition.

    12.    The party offering the deposition in evidence at trial shall provide the court with a transcript of the portions so offered.

    13.    Copies of all exhibits used during the recorded deposition shall be marked for identification during the deposition and attached to the recorded record.

    14.    At the conclusion of the deposition, the United States Attorney's Office and Defendants's attorneys shall advise the Material Witnesses's attorney if any party objects to the release of the Material Witnesses. If the parties do not object to the Material Witnesses's release, the attorney for the Material Witnesses shall immediately serve all parties with a Stipulation and Proposed Order for Release of the Material Witnesses and submit the Order to the Clerk of the Court for the Judge's signature. Prior to release from custody, the United States Attorney's Office shall serve the Material Witnesses with a subpoena for the trial date and a travel advance fund letter for purposes of appearing in person to testify at trial.

---

[2] If the deposition is recorded onto a single hard drive, memory stick or other electronic memory storage device and reproduced onto multiple DVDs, each DVD shall be appropriately identified in proper sequence at the time of reproduction.

15. Upon written request by any party, the digital disk recorder/videocamera operator shall provide a DVD copy of the recorded deposition to the requesting party. After preparing the requested DVD copies, if any, the digital disk recorder/videocamera operator shall provide an original DVD or DVDs to the notary, along with a certificate signed by the digital disk recorder/videocamera operator attesting that the DVD is an accurate and complete record of the deposition. The cost of duplicating and providing DVD copies shall be borne by the United States.

16. Upon request by any party, the court reporter shall file with the Court the original DVD or DVDs, along with any exhibits offered during the deposition, all in a sealed envelope marked with the caption of the case, the name of the testifying Material Witness, and the date of the deposition. To that envelope, the court reporter shall attach the certificate of the operator.

17. Unless waived by the parties, the court reporter shall give prompt notice to all parties of the filing of the DVD record of the deposition with the court pursuant to rule 30 (f) (3) of the Federal Rules of Civil Procedure.

18. If any party objects on the record to the release of the Material Witnesses from custody, the objecting party must request orally a hearing at the conclusion of the deposition. The Court may hold a hearing immediately and the parties should be prepared to submit briefs if requested by the Court. At the hearing, the objecting party must establish to the Court's satisfaction an appropriate legal basis for the Material Witnesses to remain in custody. If, after the hearing, the Court orders the release of the Material Witnesses, the Material Witnesses's attorney shall immediately present the release order to the Court for signature and filing. Before each Material Witness is released, the United States Attorney's Office must again serve the Material

1 | Witness with a subpoena for the trial date and a travel advance fund letter.

3 | IT IS SO ORDERED.

4 | DATED:

*[Signature]*

THE HONORABLE BARBARA L. MAJOR
United States Magistrate Judge